UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  Walter F. Lynn and                               : Case No. 15-11782
       Virginia D. Lynn, Debtors                    :

## FIRST AMENDED CHAPTER 13 PLAN

YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan or any motion included below must file a timely written objection. This plan may be confirmed and the motions included below may be granted without further notice or hearing unless written objection is filed before the deadline stated on the separate Notice you should have received from the bankruptcy court. If you have a secured claim, this is notice that your lien may be voided or modified if you do not object to this plan.

THIS PLAN DOES NOT ALLOW CLAIMS. You must file a proof of claim to be paid under any plan that may be confirmed.

1. PAYMENT AND LENGTH OF PLAN

(a) Debtors shall pay to the Chapter 13 Trustee:

    (1)    The sum of $500 per month, from 4/16/2015 through 9/16/2015

    (2)    The sum of $1,000 per month, from 10/16/2015 through 3/16/2016

    (3)    The sum of $1,500 per month from 4/16/2016 through 9/16/2016

    (4)    The sum of $5,491 from 10/16/2016 through 3/16/2020

[x ] Debtor will pay directly to the trustee

2.    PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT)

All allowed priority claims will be paid in full unless creditor agrees otherwise:
Creditor Type of Priority Scheduled Amount
Charles W. Campbell Attorney fee 1,000.00

3. UNSECURED CLAIMS

Unsecured creditors that file timely will be paid pro-rata from any balance of plan payments.

4. CURING DEFAULT AND MAINTAINING PAYMENTS

(a) Trustee shall pay allowed claims for arrearages, and Trustee shall pay regular postpetition contract payments to these creditors:

    Wells Fargo Bank, N.A.
    Charles W. Campbell, Attorney at Law

5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
Executory contracts and unexpired leases are assumed or rejected as follows: None.

6. BASIS FOR STEP-UP PLAN, AND FEASIBILITY STATEMENT

At the beginning of 2015, Debtor Walter Lynn commenced self-employment as an executive recruiter. He is compensated in large part in commissions. He expects his earnings to increase steadily and significantly from now through October, 2016, as his network among buyers and sellers of services expands. His prediction of future income growth is based upon, and in conformity with, the facts and opinions provided to him by the principal of the company with whom he is associated.


Dated: May 27, 2015                                                /s/_____
                                                                         CHARLES W. CAMPBELL
                                                                         Attorney for Debtors